All right, let's get started. Our first case is Wright-Smith v. FAA 23-9608, and for the appellant, Ms. Schor, you may proceed. Yes, good morning, Your Honors. Sarah Schor, on behalf of Petitioner Elizabeth Wright-Smith, and may it please the Court. Where an individual has no procedural rights or protections, apart from those which an agency creates through its own regulations, scrupulous compliance with those regulations is required to avoid injustice. Here, Petitioner Elizabeth Wright-Smith's designation as a pilot examiner for the FAA was unjustly terminated when the FAA did not comply with the procedural protections required by its own orders. The FAA relies on designees to test and examine pilots. My client and others like her earn a substantial portion of their livelihood through their designation. Thus, although the FAA has statutory discretion to grant and revoke designations for any reason, the administrator has enacted procedural protections for designees, including thorough and documented investigations, notice of the specific reasons for termination, and an administrative appeal to an impartial panel. The government's interpretation of these FAA orders, in this case, reduces them to a guessing game for designees, which is an absurd and unjust result that the Court should reject. Instead, the Court should hold that the FAA intended to enact meaningful procedural protections, and that it failed to provide them to my client. So if your client had received all of the procedural protections to which you claim she was entitled, would there be anything we could do for you? I believe that this Court's jurisdiction is limited to evaluating whether the FAA followed its own procedures. Okay. So even if we thought that the FAA's decision was not supported by the evidence, that their record was terrible, as long as they went through all the steps and gave your client the procedures, then you'd lose? As long as they scrupulously complied with them. Right. Okay. As the Court knows, my client's designation was terminated based on an anonymous hotline complaint and subsequent investigation. She never received a written copy of the complaint or any information about the investigation, including the investigation results report, until this appeal. Was it read to her word by word? It was read to her – I'm not actually sure. I believe it was read to her, but the repair station was not disclosed. It was read to her one time, initially at the outset of the investigation without identifying the repair station, which is why, in her administrative appeal, my client included affidavits from both repair stations in town. She did ask three times, once verbally and twice in writing, for more information about her termination and the investigation, and she did not receive any, even though they were not confidential. The termination notice to my client – the form has a sort of multiple-choice section, and the FAA selected lack of integrity, misconduct, and inability to work with the FAA in those sections. For some reason, it did not check the box for result of investigation, nor did it say the type of investigation. Then there is a box that says justification, and that section of the form is mandatory. And of course, what is a justification except an explanation or facts in support? But instead of including anything substantial in that portion of the form that related my client to what mattered to the government, the FAA simply stated that during July 2023, a hotline complaint was received, and after a comprehensive investigation, it was substantiated. That's it. It then invited her to file an administrative appeal and to submit any and all evidence and statements that she wished to have considered. So, at that point, what do you think should have happened differently? So what should – are we okay through all the box checking and the brief justification, or do you contend that that was insufficient? I contend that that was insufficient. In the justification box, the FAA was called on to actually state the specific reasons for her termination, not just characterizations like lack of integrity. And actually, the fact that the way the FAA filled out this form is a violation of the requirement is illustrated by the fact that there is a box that the FAA could have checked that would have said result of investigation. Well, obviously, the FAA doesn't mean to ask for redundant information. The justification box has to have something other than result of investigation. And this is just a principle of offering any kind of notice and opportunity to be heard. In any termination of someone's vocation, revocation of a license, the idea is that the person gets some kind of notice of what they have done wrong. So, what should – I mean, tell me if this would have been enough. If in the justification box, it would have said, during July 2023, we received a complaint. The complainant said that the examiner went to a repair shop and pressured them not to do work on other balloonists' balloons. We interviewed the repair shop, and the complaint was substantiated. That would have been quite a bit better, yes, particularly if they had said which repair shop it was, so that my client knew the incident that they were talking about. I mean, the complaint was very thin on who, what, when, where, why. It doesn't say when the incident happened. When it was read to my client, it didn't say who was involved. And the D.C. Circuit in Masolesti recognized that when the specific charges are not conveyed to a person on administrative appeal, their efforts are inevitably misdirected. They talk about a bunch of things that are irrelevant. They include information that was not necessary. They can't advocate for themselves in a pointed way, which they're entitled to do. Right. So what, other than what I just read to you, which would be very short still, I mean, what do you contend the duty of the FAA was at that point, to get us through the first decision before you have an appeal? What did they have to do? What did they have to give you specifically? They had to give my client the reasons that they believed had concluded that she lacked integrity, that she had committed misconduct, and that she had not worked cooperatively with the FAA or the public. Those are the things they said she generally did wrong. So they should have given her the specifics, the particular. Okay. So they would have needed to, could they have done that in narrative form in this box? Yes. In fact, that's what the box called for. And what's notable is that in other precedents, for instance, Bradshaw or Shubble, the notice, it was not that long, but it went point by point. And Bradshaw had said, here are the three ways that when you did a pilot instrument rating test, you did not follow FAA procedure. In Shubble, similarly, the notice made five points about the ways the designee did not do what he should have done. And that's what was necessary in this case. Now, the government contains that it was not prejudicial for the FAA not to have given my client the specific reasons for her termination, because the government claims that the appeal panel did not have jurisdiction to review anything other than the termination process. It did not actually have jurisdiction to consider the decision itself. Now I concede that the designee management policy states that the panel review process is intended to review the termination process. However, that language is not mandatory. And in the same chapter, it gives the panel review unfettered discretion to reverse the decision and it also says that the designee is to include all the evidence in support of their case in their administrative appeal. And if you look at pages 18 and 19 of the administrative record, the notice to my client actually told her, you should submit all evidence and statements for our consideration in your administrative appeal. Well, the FAA can't invite a designee to submit all of the evidence in support of their case for the first time, and then tell them that actually none of that evidence is going to be considered. That's precisely the sort of injustice that this court has jurisdiction to avoid. And in this case... Can I ask you on the prejudice point? Yes. It's not like it was a big mystery, because if indeed the anonymous complaint was read to her line by line, there's the reference to the repair center, ERCO, run by David and Jared, Mr. Eichhorn and Mr. Scoot, or however you say that name. And so she's on notice that that's where the problem arose. And in a very thorough and professional and A-plus affidavit, she laid out her counter to those charges and even solicited affidavits from a host of other letters and materials. So she did address and take on the anonymous complaint with her own evidence and good evidence. And so I'm struggling a little bit to see how is there any prejudice if there was a procedural irregularity or deficiency. Yes, Your Honor. What would have been different? Well, first, my client knew nothing about what unfolded in this investigation. And the complaint also says things like that my client threatened the business not to fix the balloons of Brittany Campbell or anyone else she hates if they know what's good for them. I mean, what does that even mean? Do they think my client said that? What does anyone else she hates mean? What did they uncover in the investigation? Who did they talk to? You know, my client had a right to a basic understanding of what unfolded in this investigation, especially since the complaint was blatant hearsay. And she didn't she wasn't confident which repair station was at issue. That's why she included an affidavit from from both of them. But it says it says David and Jaron. I don't believe when it was read to her they identified who the repair station or who those individuals by name. What she says is in her affidavit, I've received all I've received. The only information I've received is a verbal reading of a hotline complaint against me, which I assume means this and it's not that long. And it says Errico and David and Jared. So and for some reason she went there and she asked them for an affidavit saying, no, I didn't do this. So that suggests that she had an understanding. That's the real nub of this. She certainly there are only two repair stations in town. She she went to them because she thought that was probably the conversation that was at issue. But the point made in Mazaletsky is that a person is entitled to know exactly what the problem is. They're not this isn't supposed to be a guessing game and they're not supposed to guess at how the complaint was substantiated or why they believe the FAA believes that these characterizations are appropriate. I would get your point if she had addressed the wrong repair shop. She'd guessed wrong. But I don't see where there's prejudice in getting extra information from another repair shop saying that she's good. That seemed to be in her favor. And she would do that even if she knew that it was Jared and David, as the anonymous complaint said. But the other problem with this, Your Honor, is that the court in Mazaletsky recognizes that misdirecting your efforts in an administrative appeal is prejudicial. The only thing that's required is that it's other than harmless. My client spent a great deal of time trying to understand if the FAA was referring to these parenthetical examples about misconduct, about lack of integrity. And furthermore, I just want to add that the absence of written statements from Scott and Eichhorn that the FAA was aware of also would have made a difference to the appeal panel. Because the gist of this was that my client was somehow intimidating these witnesses. So if the appeal panel could have asked for those and did not. Well, I don't think the FAA gets to not collect written statements, not include them in the record, and then say that they were available. There's no evidence that they were available. You're saying if the panel would have had these, it may have made a difference. And my retort is simply that if it wanted that information, if it felt it didn't have enough information already, it could have asked for them. And my point, Your Honor, is that I don't think there's any evidence that was available to them. It wasn't included in the investigation report. It's no, those statements are nowhere in the administrative record. Back to prejudice, if we even left that. I understand the point. I would understand the point. We didn't know what the charges were. We spent all of this time on these other things that weren't even at issue. And therefore, we didn't address the concerns that the investigation raised, because we were off on other things, wondering if that's what it is. But we really don't have this, unless you tell me some way in which her response on Jared and David was hampered by having to spend time on this other repair shop, which helped her, I would think. Was there something about Jared and David she didn't get covered because of that distraction? Well, certainly, she could have elaborated on what she asked them about, if she had known what the FAA thought happened. She didn't know that. She could have gotten better affidavits from them. She could have asked them about, she didn't know that it was very important to the FAA that this conversation purportedly happened in front of members of the public. She mentioned that very passingly in her affidavit, because she didn't know that that was one of the major reasons the FAA thought that this incident was a problem. And furthermore, as Mazaleski recognizes, Your Honor, my client shouldn't have had her efforts diluted. She shouldn't have spent two-thirds of her affidavit and her brief below on issues that didn't matter, because the FAA wouldn't tell her the reason they substantiated a complaint they never gave to her. It helped her, though, to have another repair shop that said, we love her. That undermines the contention that she's a problem. I don't think that the affidavit said that they love her. I mean, certainly it may have helped her generally, but the FAA was concerned about a specific incident, and she didn't get any meaningful information about it. She didn't even get a written copy of the complaint. And, Your Honor, there's a reason that the requirement is that an agency scrupulously follow its own regulations in this context. These procedural requirements are meant to be meaningful, and my client didn't get the benefit of them. Thank you, Counsel. Your time's expired. Yes, thank you. Let's hear from the FAA. May it please the Court, Maxwell Baldy for the FAA. I'd like to kick up where Judge Phillips left off with sort of the questions about what she knew and whether there was prejudice. If you were to look at AR-12, which is the discussion of the interview that the petitioner, they read her the complaint. She remembers it well enough to quote part of it in her affidavit, and then she has a discussion with them. And first she says, I've never said anything bad about my competitor or anyone else. And then she says, shortly later, you know, that she's an evil bitch like, and I think first she didn't belong to ballooning. And then she said, well, okay, I did have a private conversation at the repair shop where she was part of the discussion. So she knows what conversation is an issue. She had a direct discussion with the FAA about it in her interview. She also says later that she'd never discussed her competitor anywhere else in ballooning. So I think that takes the other repair station off the table. She knows what's happening here. And she had an opportunity to submit evidence. She had an opportunity to submit evidence both in the, before the appeals panel, but also at the end of that statement, the flight safety inspector told her, if you have anything else you want to submit, submit it through the web portal. Five days later, she does. She submits a statement. This is at AR3. She says, here's what I understand happened. If my words were, you know, were wrong, I'll be more careful in the future. There's a box to attach attachments. She didn't do that, but she had all this. Did she have access to their account of their meeting? To whose account of their meeting? Medina's. She did not. Well, how can that be? Was that on purpose, or you just don't feel that she has a right to see that, or it would be difficult to produce it, or what? So what we're sort of in this posture where we're reviewing compliance with the FAA regulations, we look at what the regulations require, and all that they require here is that the final decision be documented in this designee management portal, and that the reason be provided, and I think they've done that. Well, it didn't give a reason. It said the complaint was substantiated. So, Your Honor, the — And it doesn't say she knew what it was? No, Your Honor. It was not a robust explanation, but they gave the reasons, which were misconduct and demonstrated a lack of integrity and inability to work with the FAA or the public, and they said here's why we've reached this conclusion, which is that we conducted an investigation. She knew the subject of the investigation. No, no. It didn't say that. I'm sorry. She knew — what it said is we conducted an investigation and it was substantiated. That's my end of my description of that. I am also saying that it's clear from the record that she knew the subject of the investigation. These requirements, I acknowledge, are not particularly robust. The FAA has decided what procedures it wants to employ here. I'm not sure it's not robust. I mean, it uses the word specific, the specific reason, and that doesn't speak to me to be like, give the thinnest reason you can and put it in a little box. So, Your Honor, I think they specified a reason, which is that they conducted an investigation. I also think, you know, what I conducted — I mean, how — but then, I mean, how do you have a meaningful appeal from that? So, Your Honor, the FAA understands the appeal to be an appeal of the process, not of the substance. And that's the core difference with the Mazalesty case the Petitioner relies on, where the Assistant Secretary of Health is doing de novo review of a termination decision. Here, it's a procedural review. It's a review of, did you follow our guidance on documentation? And that's — what you need to do to appeal from that is to see, you know, here's what we've submitted. Is that good enough? And the — And why would she need — if that's the case, why would the FAA invite her on appeal to submit evidence? So, Your Honor, I think it's conceivable that there's things evidence could be relevant to. One requirement that we haven't discussed, and it's not an issue here, is that it be — this process be handled by her managing specialist. She has a letter saying, my managing specialist changed two months ago, and it's the wrong person submitting it. That could be relevant evidence to the procedure. But inviting her to put things in the record, I think, doesn't change what the FAA has required. And what the FAA has required is not significant, you know, it's fairly minimal here. Go ahead, Tim. I mean, there has to be some procedural due process here. And, you know, the target has to get adequate notice and be able to defend herself against these types of charges. The counsel has represented that it's an important part of her business model. And I would think the FAA would give a target adequate notice so that she can defend herself. And, you know, it sounds like it was a moving target, and then the FAA hit the ball by not attaching these affidavits on appeal that were contradictory. I mean, it just seems like, you know, this didn't look — this did not look neutral or objective. It looks arbitrary and selective. So I think you have a — there's a couple of questions that baked in there. I'd like to address three points. The first is that I don't think there's any due process that attaches here. Every court that's — every court of appeals that's looked at this says there's no property right in a designation because you have no right to be a designee and no continued expectation that your designation will continue. And there's not a liberty right under sort of a, you know, reputation plus analysis. So the due process clause just doesn't cover here. So these officials could terminate her because they don't like women in the job. They don't — they don't like her because there's a personal animosity. There's really no limits on their discretion, really? Your Honor, I think that other substantive constitutional constraints would apply. Certainly, if you terminated her on the basis of sex, that would be a 14th Amendment problem that could be addressed in the petition review process. And that's — there's no allegation of that here. Well, you can't — it's hard to find out because you don't document your — you don't give the target an opportunity to investigate. I mean, Your Honor, there's just no allegations here that there would be some sort of independent constitutional barrier. But I think there were a couple of other questions you had. So you don't think there's a basic administrative right to a non-arbitrary decision? So I think there is the substantive due process limit of the decision can't be arbitrary in the constitutional sense. It can't, you know, shock the conscience. But I don't think that — when a decision is committed at age of discretion by law, I think you can't look to other sort of principles of the APA and say, well, we want to — we're importing these standards to the decision-making when it's — when the administrator has total discretion. Well, I think the problem here is not so much that anyone thinks they can dig into the merits of what you — what the FAA did, but that maybe the way the FAA administered the procedural aspects of this gutted the right to a meaningful appeal. And you agree she's entitled to that, don't you, from a procedural standpoint? I agree that within the FAA she was entitled to have an appeal panel review the process. No, that's not what I asked. Just an appeal panel review the process. I mean, can you interpret your own rules in such a way where the appeal is meaningless? I think that — I don't think the appeal is meaningless because I think the process — That's not responsive. Can you interpret — can you interpret your own rules in such a way as to render the appeal process meaningless? That doesn't seem to me like it would be a very good interpretation of — you're asking if the agency could do that? And — I mean, the allegation is basically that you did. Right. So can you do — assume that you did. Can you do that? Yes, Your Honor. I mean, so the agency — I don't think the agency is required to provide any process. It chooses what process that it's going to establish, and then that's what it has to follow. If — That's a tough argument to make. Your Honor, I think that's — I mean, the APA itself is designed to give people process, isn't it? Yes, except when something is committed to agency discretion by law. So if, you know, for example, if you were to look at — Let me ask you this. Yes. So if you're correct, how can we even have an appeal? How can we even be here? So she has a right to petition for review, and sort of the basic Accardi principle says if we have promulgated — if we put forward procedures and said we're going to follow them, then we're going to — then we have to follow them. The procedures here are fairly minimal, and so the scope of your review is fairly minimal. Okay. Yeah, so I think — Let me ask you something else. So one of the things that troubles me is she complains that she wasn't provided a lot of things in the proceeding, and then on appeal, once we're here, they show up. So — They were part of the administrative record. She just didn't have any access to them during the administrative proceeding. That's correct. Doesn't that seem troublesome to you? So, Your Honor, this is not a trial-type procedure where there would be sort of reciprocal discovery or anything like that. This is a relatively informal process to manage people that the FAA has sort of absolute discretion as to whether they are going to keep having to be — continue to represent the FAA and perform critical functions. Well, you would agree, though, that the purpose of these rules is not to take away the certifications of people who are doing a legitimately good job. It's to weed out the bad apples. Wouldn't you agree with that? It's to take designations away from people who the FAA thinks shouldn't represent them, yes. Right. And they don't take them away because you're doing good. That is — they don't terminate for cause for that reason, correct. So, I mean, why wouldn't we be transparent as to what's happened and why we're taking them away? It seems like that can do nothing but help you. So, Your Honor, the FAA could have adopted those procedures. In fact, the new procedures that are currently in place do provide for more disclosure to designees, but those weren't the procedures that were in place when this termination occurred. And the only yardstick that this Court can measure against is the procedures that the FAA put in place. And I think the basics of those procedures are that you gave a reason, you put it in the system, and I believe they've done that. And the basis for your argument is the, I guess, 2B scope of appeal in the regs. The appeal is intended to be a review of the termination for cause process. That's correct, Your Honor. And you don't think the review of the process permits an evaluation of the evidence that supports the termination? That is not how the FAA has understood this regulation. Do you have any internal guidance, any memoranda that your secretaries or folks like that or director have put out on that? No, the, I mean, this FAA order is 95, 8095B is essentially a guidance document, right? It's not a notice to comment regulation. It's a guidance that the agency puts out to tell the people who manage designees how to do it. So I would say that's the guidance, and that's as detailed as it is. Are these terminations common? I don't think they're particularly common. In cases that have reached to the petition for review stage, there's probably been maybe a half dozen, slightly more, over the last two decades. Has anybody ever been terminated for, you know, this type of personal indiscretion or stray comment? Your Honor, I don't know if there's been a termination for something you'd call a personal indiscretion, but certainly if the FAA loses confidence in someone, if they think they don't have integrity, if they stop trusting the person, then the FAA is going to terminate that person. Because what a designee does is go out on behalf of the FAA and perform functions that are critical to aviation safety, testing pilots, making sure pilots are medically sound, making sure aircrafts are airworthy. And they do this with, you know, some FAA supervision, but these people are really critical to aviation safety, and the FAA has to trust you. And if it doesn't, you can continue doing everything else. The petitioner can continue being a balloon pilot, running her school, training other pilots, doing everything else she wants to, but she doesn't get to go hold herself out with the imprimatur of the FAA and perform these functions on behalf of the agency. Well, that's the bottom line is safety. And I don't know that you get to carry that banner, because you get a banner, but you have a rival, a competitor, who is making allegations. And I don't know that you can just say, well, allegations have been made, especially when the repair shop owner and repairman disavow that they're accurate. And so we're serving public safety by getting rid of someone who's been here for a number of years and performed well. So, Your Honor, I would say a couple of things. The FAA made a decision to go with the testimony that was given sort of live, in person, to two FAA inspectors. They asked the questions. They noted both that they were a little bit reluctant to talk, but they eventually acknowledged that these statements were made, and also that they had promised this competitor that they would continue to repair. According to a report that was unsworn and was unprovided versus affidavits that are sworn that say not so. So, Your Honor, yes, the agency went with the live testimony. It's not sworn testimony, but, you know, I think agencies are not assuming that people are regularly lying to federal investigators. I thought it was just an interview. It was testimony? It was an interview made in the course of an official agency investigation. And the FAA chose to credit that. And this Court's role isn't to review the evidence and decide how it would come out if it were, you know, making the decision in the first instance. It's about whether the agency has properly followed its procedures, and I believe that it has. I think that I'm out of time, but the petition should be denied.  Thank you, Counselor. Your time has expired, and you're excused. And the case is submitted. Thank you.